**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*402 East State Street*
*Trenton, New Jersey 08608*

*609-989-2020*

RJG/PL AGR
2022R00282

September 8, 2026

Vincent J. LaPaglia, Esq.
51 Newark St.
Suite 308
Hoboken, NJ 07030

Re: Plea Agreement with Francesco Favuzzi

Dear Mr. LaPaglia:

This letter sets forth the plea agreement between your client, Francesco Favuzzi ("Favuzzi"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on **September 18, 2026**, if it is not accepted in writing by that date. If Favuzzi does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Favuzzi to an Information, which charges Favuzzi with sending threatening communications in the United States Mail, in violation of 18 U.S.C. § 876(c). If Favuzzi enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Favuzzi for sending threatening communications in the United States Mail on or about October 6, 2021, February 25, 2022, February 18, 2023, and April 28, 2025.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Favuzzi even if the applicable statute of limitations period for those charges expires after Favuzzi signs this agreement, and Favuzzi agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 876(c) to which Favuzzi agrees to plead guilty in the Information carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Favuzzi is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Favuzzi ultimately will receive.

Further, in addition to imposing any other penalty on Favuzzi, the sentencing judge as part of the sentence:

(1) will order Favuzzi to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Favuzzi to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) pursuant to 18 U.S.C. § 3583, may require Favuzzi to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Favuzzi be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Favuzzi may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Favuzzi by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Favuzzi's activities and relevant conduct with respect to this case.

Stipulations

This Office and Favuzzi will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Favuzzi waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Favuzzi understands that, if Favuzzi is not a citizen of the United States, Favuzzi's guilty plea to the charged offense will likely result in Favuzzi being subject to immigration proceedings and removed from the United States by making Favuzzi deportable, excludable, or inadmissible, or ending Favuzzi's naturalization. Favuzzi understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Favuzzi wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Favuzzi's removal from the United States. Favuzzi understands that Favuzzi is bound by this guilty plea regardless of any immigration consequences. Accordingly, Favuzzi waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Favuzzi also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Favuzzi. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Favuzzi from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Favuzzi and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
UNITED STATES ATTORNEY

By: R. Joseph Gribko
Assistant U.S. Attorney

APPROVED:

Ian D. Brater
Chief, National Security Unit

I have received this letter from my attorney, Vincent J. LaPaglia, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Francesco Favuzzi

Francesco Favuzzi

Date: 9/14/26

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Vincent J. LaPaglia, Esq.
Counsel for Defendant

Date: 9/14/26

Plea Agreement With Francesco Favuzzi

Schedule A

1. This Office and Francesco Favuzzi ("Favuzzi") agree to stipulate to the following facts:

a. On or about October 6, 2021, Favuzzi knowingly used the United States mail to send a letter (the "October 6, 2021 Letter") containing a true threat to injure a public official (the "Public Official"), with knowledge that the October 6, 2021 Letter would be viewed as a true threat or conscious disregard of a substantial risk that the October 6, 2021 Letter would be viewed as threatening violence.

b. On or about February 25, 2022, Favuzzi used the United States mail to send a letter (the "February 25, 2022 Letter") containing another true threat to injure the Public Official, with knowledge that the February 25, 2022 Letter would be viewed as a true threat or conscious disregard of a substantial risk that the February 25, 2022 Letter would be viewed as threatening violence.

c. On or about February 18, 2023, Favuzzi used the United States mail to send a letter (the "February 18, 2023 Letter") containing another true threat to injure the Public Official, with knowledge that the February 18 2023 Letter would be viewed as a true threat or conscious disregard of a substantial risk that the February 18 2023 Letter would be viewed as threatening violence.

d. On or about April 28, 2025, Favuzzi used the United States mail to send a letter (the "April 28, 2025 Letter") containing another true threat to injure the Public Official, with knowledge that the April 28, 2025 Letter would be viewed as a true threat or conscious disregard of a substantial risk that the April 28, 2025 Letter would be viewed as threatening violence.

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.